UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512<br><br>Request from the Republic of Poland for Assistance in a Criminal Matter:  In Re Counterfeit American Express Travelers Checks | ML NO. ____ |

DOJ Ref. # 182-41511

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this ex parte application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Patricia L. Petty, Senior Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute a request for assistance in a criminal matter from the Republic of Poland (Poland). In support of this application, the United States asserts:

RELEVANT FACTS

1. On December 21, 2016, the Ministry of Poland submitted a request for assistance (Request) to the United States, pursuant to the Agreement Between the United States of America and the Republic of Poland on the Application of the Treaty Between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the

United States of America and the European Union signed at Washington 25 June 2003, U.S.-Poland, June 9, 2006, S. TREATY DOC. NO. 109-13 (2006) (Treaty). As stated in the Request, the District Prosecutor's Office Gliwice-Zachod, in Gliwice, Poland, is investigating criminal offenses allegedly committed by Daria Poda, specifically fraud, and trafficking in foreign counterfeit money or legal tender, which occurred in and between January 2010 and February 2010, in violation of the criminal law of Poland, namely Article 286, para.1 and Article 310 paras. 1 and 2 of the Polish Criminal Code. A copy of the applicable law is included as Attachment A to this application. Under the Treaty, the United States is obligated to render assistance in response to the Request.

2. According to authorities in Poland, in January 2010, Daria Poda (Poda) answered a job offer posted by NOW Health Group (NHG), located in Bloomingdale, Illinois, on the internet. The offer, which was posted by Carol Dunning, NHG's Director of Human Resources, was looking for persons to handle "paperwork, file documentation, and handle payroll administration" for its clients in Europe. Poda applied for the job and was accepted. In an email from NHG, Poda was advised that 1) NHG would send her checks, and 2) that she would have to cash the checks, take a 10% commission, and transfer the remaining funds, via Western Union, to various individuals.

3. Between January 21, 2010 and February 16, 2010, Poda received three envelopes, each containing American Express Travelers Checks valued at 500 euros each. The first envelope was sent by Willis Denmark, of High Point, North Carolina, containing four checks. The second envelope was sent by Carolyn McGuire of Weston, Massachusetts, which contained eight checks. The third envelope was sent by Carl Baker of Vista, California, containing 10 checks. Poda followed the instructions provided and on February 8 and February 11, 2010, she

cashed 12 checks, took her 10% commission, and transferred the remaining funds, via Western Union to four individuals with the following tracking numbers: David Velarde in New York, MTCN # 170-117-9999; Beyrice Akakpo in Turkey, MTCN #775-249-0410; Olukayode Olowofela in Spain, MTCN #264-639-2852; and Craig Graham in Italy, MTCN #260-190-5540. On February 16, 2010, Poda attempted to cash six additional checks, but the bank to which she presented the checks determined the checks had been forged and called the police. Poda was detained and all the checks were seized. Polish authorities conducted a forensic examination of all of the checks and confirmed that they had been forged.

4.  To further the investigation, authorities in Poland have asked U.S. authorities to obtain Western Union records to identify the recipients of the monies sent by Poda, and to interview officials of NOW Health Group, the senders of the American Express Traveler's Checks, and the recipients of the monies. Western Union is based in Englewood, Colorado.

## LEGAL BACKGROUND

### The Treaty

5.  A treaty constitutes the law of the land. U.S. Const. art. VI, cl.2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (368) (1989) (internal quotation marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

6. The United States and Poland entered into the Treaty "to improve the effectiveness of the law enforcement authorities of both countries in the investigation, prosecution, and prevention of crime through cooperation and mutual legal assistance in criminal matters." Treaty Between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters, U.S.-Pol., pmbl., July 10, 1996, S. TREATY DOC. NO. 105-12 (1997). The Treaty obligates each state, upon request, to provide assistance to the other in criminal investigations and proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures. Article 1 of the Annex to the Treaty. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Article 5(1) of the Annex to the Treaty ("The judicial or other competent authorities of the Requested State shall issue subpoenas, search warrants, or other orders necessary to execute [a] request").[1]

## 18 U.S.C. § 3512

7. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

\* \* \*

---

[1] Polish authorities have not asked U.S. authorities to keep the Request confidential. Accordingly, the United States is not seeking authorization to issue a non-disclosure order, nor is it seeking an order to seal the court file.

> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*           \*           \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

8.    Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders which are necessary to execute a foreign request.

9.    An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs, which serves as the "Central Authority" for the United States, has reviewed and authorized the request, and executes the request itself or

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were previously executed); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

delegates execution to another attorney for the government.[3] Upon such a duly authorized application, Section 3512 authorizes a federal judge[4] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. See 18 U.S.C. § 3512(a)(1)-(b)(1). In addition, a federal judge may prescribe any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. See In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989) (court has discretion in prescribing procedures to be followed in executing foreign request under 28 U.S.C. § 1782); cf. White v. National Football League, 41 F.3d 402, 409 (8th Cir. 1994) (court may issue process necessary to facilitate disposition of matter before it); Fed. R. Crim. P. 57(b).

10.  Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents or other things to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; (3) take testimony or statements; and (4) take receipt of documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a

---

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81A and 81B.

[4] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1) and Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

subpoena entitled "Commissioner Subpoena." Any such subpoena or any other order, subject to subsection (d), may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f). A copy of a "Commissioner Subpoena" is included as Attachment B.

## REQUEST FOR ORDER

11. The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence from witnesses and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," i.e., the Ministry of Justice of Poland, a designated Central Authority in Poland for requests made pursuant to the Treaty, and seeks assistance in the investigation of fraud and trafficking in foreign counterfeit money or legal tender, criminal offenses in Poland. Furthermore, the requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of business records and witness interviews, fall squarely within that contemplated by both the Treaty and Section 3512. Finally, this application was properly filed in the District of Columbia.

12. Both Section 3512 and the Treaty authorize the use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a treaty request pursuant to Section 3512 and the applicable treaty, likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here,

seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person other than the recipient(s) of the commissioner subpoena(s).

13.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Patricia L. Petty, Senior Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner and authorizing the undersigned to take the actions necessary, including the issuance of a

commissioner subpoena(s), to obtain the evidence requested in a form consistent with the intended use thereof.

Respectfully submitted,

VAUGHN A. ARY<br>
DIRECTOR<br>
OFFICE OF INTERNATIONAL AFFAIRS<br>
OK Bar Number 12199

By: /s/ Patricia L. Petty<br>
Patricia L. Petty<br>
Senior Trial Attorney<br>
District of Columbia Bar #374446<br>
Office of International Affairs<br>
Criminal Division, Department of Justice<br>
1301 New York Avenue, N.W., Suite 800<br>
Washington, D.C. 20530<br>
(202) 514-3655 telephone<br>
(202) 514-0080 facsimile<br>
Patricia.Petty@usdoj.gov